IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Allstate Insurance Company, | ) | C.A. No. 6:07-1762-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Trey Felice Staley and Donnie W. Wolfe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Allstate Insurance Company's ("Allstate") motion for summary judgment. For the reasons stated below, the court grants Allstate's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This declaratory judgment action arises out of an accident that occurred on June 9, 2004, between Donnie Wolfe ("Wolfe") and Trey Staley ("Staley"). At the time of the accident, Wolfe was employed by Steel Transport, Inc. ("Steel Transport") and was operating an 18-wheel truck owned by Steel Transport. Steel Transport assigned the 18-wheel truck to Wolfe for use in performing his job. (Pl.'s Mem. Supp. Summ. J. Ex. A (Wolfe Dep. at 21, 25, 58).) Wolfe always drove the same truck for Steel Transport. (Id. Ex. A (Wolfe Dep. at 58).)

Wolfe had a personal auto insurance policy issued by Allstate, policy number 001435944 ("Policy"). (Id. Ex. B (Policy).) The Policy was issued in Virginia. Allstate requests that the court declare the Policy does not cover the June 9, 2004, accident. Allstate moved for summary judgment on November 7, 2007. The Defendants have not responded to Allstate's motion.

1

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

**B. Allstate's Motion for Summary Judgment**

Allstate argues that the Policy "provides no coverage for the June 9, 2004 accident" because "the truck does not meet the definition of a covered vehicle under the terms of the policy" and "even, if the truck did meet the definition of a 'nonowned vehicle,' coverage is excluded by the terms of the policy." (Pl.'s Mem. Supp. Summ. J. at 5.) Because the Policy was issued in Virginia, Virginia law is applicable. Pham v. Hartford Fire Ins. Co., 419 F.3d 286, 288-89 (4th Cir. 2005). "Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and, if they are clear and unambiguous, their terms are to be taken in their plain, ordinary and popular sense." Gov't Employees Ins. Co. v. Moore, 580 S.E.2d 823, 828 (Va. 2003) (internal quotation marks omitted).

> The Policy provides in pertinent part that
>
> Allstate . . . Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:
> Part 1 – Liability
> Bodily Injury Liability – Coverage AA
> Property Damage Liability – Coverage BB
> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
> A. bodily injury . . .
> B. Injury to or destruction of property . . .
>
> arising out of the ownership maintenance or use of the owned automobile or any non-owned automobile . . .

(Pl.'s Mem. Supp. Summ. J. Ex. B (Policy 3).) An "owned automobile" is defined as "a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . . ." (Id. Ex. B (Policy 4).) A "non-owned

3

automobile" is defined as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." (Id. Ex. B (Policy 4).) The only vehicle identified in the Policy Declarations is a 2002 Ford Truck Ranger.

After review, the court finds that the tractor trailer is not an "owned vehicle" under the plain language of the Policy because it is not listed in the Policy Declarations and Wolfe did not pay a premium charge for the tractor trailer. Further, the 18-wheel truck is not a "non-owned" vehicle under the Policy because the definition specifically excludes coverage for a vehicle provided for the regular use of the named insured. The "non-owned" vehicle definition is intended to "protect the insured against liability arising from the use of his automobile, and in addition, from the infrequent or casual use of automobiles other than the one described in the policy. Usually excluded is protection against liability with respect to the insured's frequent use of another automobile." Quesenberry v. Nichols, 159 S.E.2d 636, 640 (Va. 1968). Steel Transport furnished the tractor trailer for "the regular use of . . . the named insured," Wolfe. (Pl.'s Mem. Supp. Summ. J. Ex. A (Wolfe Dep. at 21, 25, 58).); see State Farm Mut. Auto. Ins. Co. v. Jones, 383 S.E.2d 734, 736 (Va. 1989) (finding that the vehicle did not qualify as a non-owned vehicle because the facts indicated "frequent, daily, and extensive use, dominion, and control of the van by Jones" and "the purpose of furnishing the van to Jones was precisely that it be used regularly by him"). Based on the foregoing, the Policy provides no coverage for the June 9, 2004, accident.

4

It is therefore

**ORDERED** that Allstate's motion for summary judgment, docket number 15, is granted.

**IT IS SO ORDERED.**

                                               s/Henry M. Herlong, Jr.
                                               United States District Judge

Greenville, South Carolina
December 5, 2007